rcpt # 4289
1543

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. HARR, III,<br>276 Jefferson Drive<br>Pittsburgh, Pennsylvania 15228<br>Plaintiff,<br>v.<br><br>GERSHMAN BROWN & ASSOCIATES<br>600 East 96th Street<br>Indianapolis, IN 46240<br>and<br>THOMAS CROWLEY<br>600 East 96th Street<br>Indianapolis, IN 46240<br>and<br>BRAD GERSHMAN<br>600 East 96th Street<br>Indianapolis, IN 46240<br>and<br>JERRY GERSHMAN<br>600 East 96th Street<br>Indianapolis, IN 46240<br>and<br>ADRIAN BROWN<br>600 East 96th Street<br>Indianapolis, IN 46240<br>Defendants | 05 0889<br>CIVIL ACTION NO. ________<br><br>1 |

NOTICE OF REMOVAL OF DEFENDANTS, GERSHMAN BROWN & ASSOCIATES, INC., THOMAS CROWLEY, BRAD GERSHMAN, JERRY GERSHMAN AND ADRIAN BROWN

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA:

Pursuant to 28 U.S.C. §1441 et seq., defendants, Gershman Brown & Associates, Inc., Thomas Crowley, Brad Gershman, Jerry Gershman and Adrian Brown (hereinafter "defendants"), file the following notice of removal of the action currently pending in the Court of

Common Pleas of Allegheny County to the United States District Court for the Western District of Pennsylvania. Removal is based on the following facts:

1. On or about June 1, 2005, plaintiff commenced a lawsuit against defendants.

2. Plaintiff's suit was filed in the Court of Common Pleas of Allegheny County, Pennsylvania, Civil No. GD-05-12771, on June 1, 2005. In the complaint, plaintiff alleged causes of action against defendants Crowley, B. Gershman, J. Gershman and Brown who are all located at 600 East 96th Street, Indianapolis, IN 46240. See ¶¶ 2-6 of plaintiff's complaint a true and correct copy of which is attached hereto as Exhibit "A."

3. Plaintiff's suit also alleges causes of action against defendant Gershman Brown & Associates, a company incorporated under the laws of the State of Indiana with its principal place of business at 600 East 96th Street, Indianapolis, IN 46240.

4. The complaint seeks relief for damages allegedly suffered by plaintiff as a result of the breach of an oral employment contract. See Exhibit "A", ¶¶ 11 and 12.

5. In the complaint, plaintiff alleges causes of action against the defendants grounded in breach of contract, violation of the Pennsylvania Wage Payment and Collection Act and slander. See Exhibit "A", ¶ 28, 33 and 45.

6. As part of its prayer for relief, plaintiff's complaint seeks damages, including reasonable attorneys' fees and liquidated damages, in an amount in excess of $761,792. See Exhibit "A".

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) in that the parties to this action are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000. Defendants deny liability to plaintiffs in any amount.

8. There is complete diversity of citizenship among the parties.

9. According to the complaint, plaintiff Donald J. Harr, III, is a citizen and resident of the Commonwealth of Pennsylvania, residing at 276 Jefferson Drive, Pittsburgh, Pennsylvania 15228". See Exhibit "A" at ¶ 1.

10. Defendant Gershman Brown & Associates, Inc. is an Indiana corporation with its principal place of business located in Indiana.

11. The individual defendants, including defendants Crowley, B. Gershman, J. Gershman and Brown, all have business addresses located in Indiana and none are citizens or residents of the Commonwealth of Pennsylvania.

12. Moreover, the amount in controversy requirement for diversity jurisdiction has been met. In the complaint, plaintiff claims damages far in excess of the requisite $75,000. Again, defendants deny liability to plaintiff for any of the alleged injuries.

13. As required by 28 U.S.C. § 1446(b), this notice is filed within 30 days after receipt of the complaint, through service or otherwise.

WHEREFORE, defendants, Gershman Brown & Associates, Inc., Thomas Crowley, Brad Gershman, Jerry Gershman and Adrian Brown, request the above action now pending in the Court of Common Pleas of Allegheny County, Pennsylvania, be removed to this Court.

Respectfully submitted,

O. Daniel Ansa
Michael J. O'Neill
Attorneys for defendants
Gerhsman Brown & Associates, Inc.
Thomas Crowley, Brad Gershman,
Jerry Gershman and Adrian Brown

DLA Piper Rudnick Gray Cary US LLP
One Liberty Place, Suite 4900
1650 Market Street
Philadelphia, Pennsylvania 19103
215-656-3300

Dated: June 23, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June, 2005, I caused the foregoing defendants' notice of removal to be served by United States first-class mail, postage prepaid, upon the following:

Andre J. Leger, Jr., Esquire
LEGER & BALL, P.C.
3100 Grant Building
330 Grant Street
Pittsburgh, PA 15219

Michael J. O'Neill

DLA Piper Rudnick Gray Cary US LLP
One Liberty Place, Suite 4900
1650 Market Street
Philadelphia, Pennsylvania 19103
215-656-3300

# EXHIBIT "A"

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| DONALD J. HARR, III,<br><br>Plaintiff,<br><br>vs.<br><br>GERSHMAN BROWN & ASSOCIATES, INC. and THOMAS CROWLEY, BRAD GERSHMAN, JERRY GERSHMAN and ADRIAN BROWN,<br><br>Defendants. | No. GD-05-12771<br><br>**COMPLAINT IN CIVIL ACTION**<br><br>Filed on Behalf of:<br>Donald J. Harr, III,<br>Plaintiff.<br><br>Counsel of Record for this Party:<br>Andrew J. Leger, Jr., Esquire<br>PA ID No. 43702<br><br>Robert J. Brown, Esquire<br>PA ID No. 87940<br><br>LEGER & BALL, P.C.<br>Firm No. 142<br>3100 Grant Building<br>330 Grant Street<br>Pittsburgh, PA 15219<br>(412) 456-9700<br>(412) 456-9701 (fax) |

05 JUN -1 PM 1:55
ALLEGHENY COUNTY

**JURY TRIAL DEMANDED**

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

05 0889

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Donald J. Harr, III

**DEFENDANTS** Gershman Brown & Associates, Thomas Crowley, Brad Gershman, Jerry Gershman and Adrian Brown

(b) County of Residence of First Listed Plaintiff Allegheny
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Marion
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) 412-456-9700
Andrew J. Leger, Jr., Esquire, Leger & Ball, P.C.
3100 Grant Bldg., 330 Grant St., Pittsburgh, PA

Attorneys (If Known) Michael J. O'Neill, Esquire
DLA Piper Rudnick,Gray Cary US LLP
1650 Market St., Phila., PA 19103 215-656-3365

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☒ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | PERSONAL INJURY<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | PERSONAL INJURY<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>PERSONAL PROPERTY<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>PROPERTY RIGHTS<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| REAL PROPERTY<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | CIVIL RIGHTS<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | PRISONER PETITIONS<br>☐ 510 Motions to Vacate Sentence<br>Habeas Corpus:<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | LABOR<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | SOCIAL SECURITY<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>FEDERAL TAX SUITS<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 U.S.C § 1332 (a)
Brief description of cause: Breach of contract, violation of PAWPCA and slander

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $
CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ________ DOCKET NUMBER ________

DATE 6/27/05 SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

JS 44AREVISED OCTOBER, 1993

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THIS CASE DESIGNATION SHEET MUST BE COMPLETED

PART A

This case belongs on the ( ______Erie______ Johnstown __✓__ Pittsburgh) calendar.

1. ERIE CALENDAR - If cause of action arose in the counties of Crawford, Elk, Erie, Forest, McKean, Venang or Warren, OR any plaintiff or defendant resides in one of said counties.
2. JOHNSTOWN CALENDAR - If cause of action arose in the counties of Bedford, Blair, Cambria, Clearfield or Somerset OR any plaintiff or defendant resides in one of said counties.
3. Complete if on ERIE CALENDAR: I certify that the cause of action arose in ____________ County and that the ________________ resides in ____________________County.
4. Complete if on JOHNSTOWN CALENDAR: I certify that the cause of action arose in ________________ County and that the ________________ resides in ____________________County.

PART B (You are to check ONE of the following)

1. ______ This case is related to Number ________________ Judge ________________________.
2. __✓__ This case is not related to a pending or terminated case.

DEFINITIONS OF RELATED CASES:

CIVIL: Civil cases are deemed related when a case filed relates to property included in another suit or involves the same issues of fact or it grows out of the same transactions as another suit or involves the validity or infringement of a patent involved in another suit

EMINENT DOMAIN: Cases in contiguous closely located groups and in common ownership groups which will lend themselves to consolidation for trial shall be deemed related.

HABEAS CORPUS & CIVIL RIGHTS: All habeas corpus petitions filed by the same individual shall be deemed related. All pro se Civil Rights actions by the same individual shall be deemed related.

PART C

1. CIVIL CATEGORY (Place x in only applicable category).

1. ( ) Antitrust and Securities Act Cases
2. ( ) Labor-Management Relations
3. ( ) Habeas Corpus
4. ( ) Civil Rights
5. ( ) Patent, Copyright, and Trademark
6. ( ) Eminent Domain
7. ( ) All other federal question cases
8. ( ) All personal and property damage tort cases, including maritime, FELA, Jones Act, Motor vehicle, products liability, assault, defamation, malicious prosecution, and false arrest
9. (✓) Insurance indemnity, contract and other diversity cases.
10. ( ) Government Collection Cases (shall include HEW Student Loans (Education), VA Overpayment, Overpayment of Social Security, Enlistment Overpayment (Army, Navy, etc.), HUD Loans, GAO Loans (Misc. Types), Mortgage Foreclosures, S.B.A. Loans, Civil Penalties and Coal Mine Penalty and Reclamation Fees.)

I certify that to the best of my knowledge the entries on this Case Designation Sheet are true and correct

Date: 6/27/05

[signature]
ATTORNEY AT LAW

NOTE: ALL SECTIONS OF BOTH SIDES MUST BE COMPLETED BEFORE CASE CAN BE PROCESSED.

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| DONALD J. HARR, III,<br>Plaintiff,<br><br>vs.<br><br>GERSHMAN BROWN & ASSOCIATES, INC. and THOMAS CROWLEY, BRAD GERSHMAN, JERRY GERSHMAN and ADRIAN BROWN,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. ________________ |

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. If you do not have a lawyer, go to or telephone the office set forth below. This office can provide you with information about hiring a lawyer. IF YOU CANNOT AFFORD TO HIRE A LAWYER, this office may be able to provide you with information about agencies that may offer legal service to eligible persons at a reduced fee or no fee.

**LAWYER REFERRAL SERVICE**
The Allegheny County Bar Association
920 City-County Building
414 Grant Street
Pittsburgh, PA 15219
TELEPHONE: 412-261-5555

Respectfully submitted,

LEGER & BALL, P.C.

________________________
Andrew J. Leger, Jr., Esquire
Robert J. Brown, Esquire
PA ID No. 87940
Attorneys for Plaintiff,

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| DONALD J. HARR, III, | ) | No. ____________ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GERSHMAN BROWN & ASSOCIATES, INC. and THOMAS CROWLEY, BRAD GERSHMAN, JERRY GERSHMAN and ADRIAN BROWN, | ) | |
| | ) | |
| Defendants. | ) | |

COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff, Donald J. Harr, III, by and through his attorneys, Robert J. Brown, Esquire and LEGER & BALL, P.C., and files the within Complaint in Civil Action of which the following is a statement:

1. Donald J. Harr, III ("Plaintiff") is and adult individual with an address of 276 Jefferson Drive, Pittsburgh, Pennsylvania 15228.

2. Gershman Brown & Associates, Inc. ("GBA"), is a for-profit business corporation organized and existing under the laws of the State of Indiana, with an address in the State of Pennsylvania at 2520 A Wharton, Pittsburgh, PA 15203.

3. Thomas Crowley ("Crowley") is an adult individual with a business address of 600 East 96th Street, Indianapolis, IN 46240.

4. Brad Gershman is an adult individual with a business address of 600 East 96th Street, Indianapolis, IN 46240.

5. Jerry Gershman is an adult individual with a business address of 600 East 96th Street, Indianapolis, IN 46240.

6. Adrian Brown ("Brown") is an adult individual with a business address of 600 East 96th Street, Indianapolis, IN 46240. (Crowley, Brad Gershman, Jerry Gershman and Brown are hereinafter collectively referred to as the "Individual Defendants".)

7. GBA is in the business of providing real estate development, brokerage and acquisition services.

8. The Individual Defendants are the officers, directors and/or principals of GBA.

9. From approximately June 15, 2004 until March 9, 2005, Plaintiff was employed by GBA as a vice president.

10. During the course of Plaintiff's employment with GBA, Plaintiff was responsible for identifying, procuring and acquiring desirable parcels of real property situated in his territory for commercial use by CVS Pharmacy ("deals"), which is one of GBA's clients.

11. In consideration for the services provided by Plaintiff for GBA, Plaintiff was compensated pursuant to an oral employment agreement ("Employment Agreement").

12. Under the terms of the Employment Agreement, Plaintiff received an annual salary of $175,000.00, and was entitled to receive a 20% bonus, less expenses, upon the closing of each deal for which he was responsible for procuring (i.e., all reasonable expenses, including but to limited to salary, travel expenses, office expenses, and the like, were to be deducted from bonus payment prior to remittance to Plaintiff.)

13. Absent special circumstances, GBA earns fees in the amount of $200,000.00 for each deal that closes.

14. On or about March 9, 2005, GBA unilaterally terminated Plaintiff's employment.

15. On or about March 9, 2005, GBA, by and through Brown, provided Plaintiff with a copy of a Confidential Resignation Agreement, including Release and Waiver ("Release") that, *inter alia*, offered severance pay to Plaintiff in the amount of $44,923.08 in consideration for a full and complete release from liability. (A true and correct copy of the Release is incorporated by reference and attached hereto as Exhibit "A".)

16. By letter dated March 9, 2005, GBA, by and through Brown, informed Plaintiff that [t]he economic terms of the [Release] are not negotiable, and requested Plaintiff to execute and return the Agreement. (emphasis in original.) (A true and correct copy of the letter dated March 9, 2005, is incorporated by reference and attached hereto as Exhibit "B".)

17. As of the date GBA terminated Plaintiff's employment, Plaintiff was responsible for procuring sixteen (16) different property deals, all of which had received at least some level of hierarchical approval by GBA ("approved deals"). (See "Bonus Explanation", a true and correct copy of which is incorporated by reference and attached hereto as Exhibit "C".)

18. Of the sixteen (16) approved deals, four (4) will close in the year 2005 ("2005 approved deals"), and will generate revenues for GBA in the amount of $800,000.00. (See Exhibit "C".)

19. Of the sixteen (16) approved deals, twelve (12) will close in the year 2006 ("2006 approved deals"), and will generate revenues for GBA in the amount of $2,225,000.00. (See Exhibit "C".)

20. The present value of revenue to be generated by the 2006 approved deals, when discounted by one year at the rate of six (6%) percent, is $2,099,057.00. (See Exhibit "C".)

21. In addition to the approved deals, Plaintiff was responsible for procuring nine (9) "additional deals" which were ready to enter the GBA stream of approval.

22. The additional deals will each close in the year 2006, and will generate revenues for GBA in the amount of $1,800,000.00. (See Exhibit "C".)

23. The present value of the revenue to be generated by the additional deals, when discounted by one year at the rate of six (6%) percent, is $1,698,113.00. (See Exhibit "C".)

24. As of the date GBA terminated Plaintiff's employment, Plaintiff had incurred $1,862.00 in reasonable expenses, for which plaintiff was entitled to be reimbursed.

25. As of the date GBA terminated Plaintiff's employment, Plaintiff had accumulated, but not used, seven (7) vacation days, for which Plaintiff was entitled to be compensated.

26. Accordingly, as of the date of his termination, Plaintiff was entitled to payment by GBA as follows:

| | |
|---|---|
| Bonus for 2005 approved deals (20% of $800,000.00): | $160,000 |
| Less expenses ($126,938 in salary, $37,241 in monthly overhead): | (164,180) |
| Bonus for 2006 approved deals (20% of $2,099,057.00): | 419,811 |
| Bonus for Additional Deals: (20% of $1,698,113.00) | 339,623 |
| Unreimbursed expenses: | 1,826 |
| Seven (7) days earned but unpaid vacation: | 4,711 |
| Total: | $761,792 |

(See Exhibit "C".)

27. As a result of the outstanding amounts due and owing to Plaintiff as set forth more fully, *supra*, Plaintiff refused to accept the terms of the Release.

**COUNT I – Breach of Contract**

28. Plaintiff hereby incorporates Paragraphs 1-27 as if the same were stated herein fully at length.

29. Under the terms of the Employment Agreement, Plaintiff was entitled to receive payment in the amount of $761,792, as set forth in Paragraph 26 of the instant Complaint.

30. Despite demand by Plaintiff, GBA has failed and/or refused to remit the amounts due and owing to Plaintiff.

31. GBA's failure and/or refusal to remit payment to Plaintiff constitutes a material breach of the Employment Agreement.

32. As a result of GBA's breach as aforesaid, Plaintiff has been damaged in the amount of $761,792.00. (See Exhibit "C".)

WHEREFORE, Plaintiff, Donald J. Harr, III, respectfully requests this Honorable Court to enter judgment in his favor and against Defendant, Gershman Brown & Associates, Inc., in the amount of $761,792.00, plus interest and costs of court.

**COUNT II – Violation of Pennsylvania Wage Payment and Collection Law, 43 P.S. § 201.1, et seq.**

33. Plaintiff hereby incorporates Paragraphs 1-32 as if the same were stated herein fully at length.

34. At all times material and relevant hereto, GBA was Plaintiff's "employer" as that term is defined by the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.2(a).

35. At all times material and relevant hereto, Plaintiff was an "employee" of GBA, as that term is defined by the WPCL.

36. The bonus payments to which Plaintiff is entitled under the Employment Agreement constitute "wages", as that term is defined by WPCL.

37. The unreimbursed expenses and payments for earned and unused vacation days constitute "fringe benefits or wage supplements" as those terms are defined by the WPCL.

38. Under the terms of the Employment Agreement, Plaintiff was entitled to receive payment from GBA in the amount of $761,792.00, as set forth in Paragraph 26 of the instant Complaint. (See Exhibit "C".)

39. Despite demands by Plaintiff, GBA has failed and/or refused to remit to Plaintiff the payments set forth in Paragraph 26 of the instant Complaint.

40. GBA's failure and refusal to remit to Plaintiff the payments referred to in Paragraph 26 of the instant Complaint constitutes a violation of the WPCL.

41. As a result of GBA's failure and/or refusal to remit payment to Plaintiff, Plaintiff has been damaged in the amount of $761,792.00. (See Exhibit "C".)

42. The individual Defendants are personally liable to Plaintiff under the WPCL for GBA's violation of the WPCL as aforesaid.

43. Plaintiff is entitled to reasonable attorney's fess pursuant to the relevant provisions of the WPCL.

44. Plaintiff is entitled to liquidated damages in an amount equal to twenty-five (25%) percent of the amounts proven to be due and owing pursuant to the relevant terms of the WPCL.

WHEREFORE, Plaintiff, Donald J. Harr, III, respectfully requests this Honorable Court to enter judgment in his favor, and against Defendants, Thomas Crowley, Brad Gershman, Jerry Gershman and Adrian Brown, in the amount of $761,792.00, plus reasonable attorney's fees, liquidated damages in the amount of twenty-five (25%) percent of all amounts proven due and owing, interest, costs of court, and any other relief this Court deems appropriate.

<u>COUNT III – Slander</u>

<u>Donald J. Harr, III v. Gershman Brown & Associates, Inc.</u>

45. Plaintiff hereby incorporates Paragraphs 1-44 as if the same were stated herein fully at length.

46. William Prentice ("Prentice") is an adult individual with a business address of 185 Broadway, Providence, RI 02903.

47. At all times material and relevant hereto, Prentice was the agent and/or employee of GBA, acting within the scope and course of his duties for GBA.

48. Shortly before and/or shortly after GBA terminated Plaintiff's employment, and while conversing with third party real estate professionals that resided and/or worked in Plaintiff's former geographic territory, Prentice accused Plaintiff of excessively drinking alcoholic beverages during hours when Plaintiff was supposed to be carrying out his employment responsibilities for GBA, and otherwise accusing Plaintiff of unprofessional conduct.

49. The statements made by Prentice were false insofar as they related to Plaintiff, as Plaintiff did not ever consume alcoholic beverages in the regular scope and course of his employment by GBA, nor did he otherwise engage in unprofessional conduct.

50. Prentice knew or should have known that the above-statements were falsely made.

51. The statements and actions of Prentice were made in the regular course and scope of his employment by GBA.

52. GBA is liable for the acts that were permitted by Prentice within the scope of his employment.

53. As a direct and proximate result of the conduct of Prentice, Plaintiff has been and is greatly injured in his good name, credit and reputation, to his great financial loss and damage.

54. As a direct and proximate result of the conduct by Prentice, and thus by GBA, Plaintiff has suffered severe emotional distress, pain, anguish, humiliation and embarrassment, as well as various physical injuries resulting from the emotional distress including, but not limited to, nausea, headaches, sleeplessness and weight loss.

55. As a result of the aforesaid injuries, Plaintiff has been and in the future may be prevented from attending to his usual and customary occupation and duties, to his financial detriment and loss.

WHEREFORE, Plaintiff, Donald J. Harr, III, respectfully requests this Honorable Court to enter judgment in his favor and against Defendant, Gershman Brown & Associates, Inc., in an amount in excess of $25,000.00 with interest, costs and whatever additional relief this Court deems appropriate.

Respectfully submitted,

LEGER & BALL, P.C.

Andrew J. Leger, Jr., Esquire
PA ID No. 43702
Robert J. Brown, Esquire
PA ID No. 87940

3100 Grant Building
330 Grant Street
Pittsburgh, PA 15219
(412) 456-9700

Attorneys for Plaintiff,
Donald J. Harr, III

*This Agreement Affects Your Rights.*
*You May Consult An Attorney Prior To Signing It.*

# CONFIDENTIAL RESIGNATION AGREEMENT, INCLUDING WAIVER AND RELEASE

## Recitals

A. Donald J. Harr, III ("Harr"), who was employed by Gershman Brown & Associates, Inc. ("GBA") as a Vice President, resigned his employment with GBA effective March 9, 2005, and, accordingly, enters into this Confidential Resignation Agreement, Including Waiver And Release ("Agreement").

B. Harr's employment relationship with GBA is covered by the Age Discrimination in Employment Act of 1967, as amended (the "ADEA"). Thus, if Harr does not revoke this Agreement by appropriate notice as described in Paragraph 10 below, the effective date of this Agreement will be the eighth day after he executes this Agreement ("Effective Date").

C. GBA will make certain special severance payments to Harr upon his resignation from GBA in accordance with the terms of this Agreement. In exchange, Harr will waive any rights, claims, demands, or causes of action against GBA, its affiliated entities, and any of their current or former directors, officers, members, agents, employees, representatives, attorneys, and insurers, and their successors, heirs, administrators and assigns, and all persons acting by, through, under or in concert with any of them (collectively, the "Releasees") that may have arisen or may arise on or before the date he signs this Agreement under any federal, state, or local law, including, but not limited to, the ADEA, and will comply with other provisions set forth in this Agreement. However, by signing this Agreement, Harr does not waive any claims or rights that may arise after the date the Agreement is executed.

## Agreement

In consideration of the following mutual undertakings and other good and valuable consideration, Harr and GBA agree as follows:

1. GBA shall pay Harr:

(a) Eight (8) weeks of severance in the total sum of Twenty-Six Thousand Nine Hundred Twenty-Three Dollars and Eight Cents ($26,923.08), less applicable tax withholding obligations, on GBA's regular paydays. The first severance payment will be mailed to Harr on the first regular payday following the Effective Date of this Agreement. These payments will be mailed to Harr's home address or such other address as he may direct in writing to Chris Daumeyer.

(b) In addition to the payments set forth above, GBA shall pay to Harr a lump sum of Eighteen Thousand Dollars ($18,000.00) within ten (10) business

EXHIBIT
"A"

Harr's Initials:____

days of the Effective Date of this Agreement and GBA's receipt of all of its property including its computer and computer accessories and cell phone. This sum may be used for outplacement services or for any other purpose. GBA will mail this check to Harr's home address or such other address as he may direct in writing to Chris Daumeyer, and issue to him a Form 1099 with regard to this amount.

(c) A lump sum of Four Thousand Seven Hundred Eleven Dollars and Forty-Nine Cents ($4,711.49), less applicable tax withholdings, payable on the next regular payday following Harr's resignation. This sum represents payment for seven (7) days of earned but unused vacation. This payment is not part of the consideration for this Agreement.

2. Harr acknowledges that he is not entitled to unemployment compensation during the 8-week severance period, and GBA agrees not to contest any claim by Harr for unemployment compensation benefits filed at the end of the severance period.

3. In consideration of the payments provided for in Paragraph 1.a. and 1.b. of this Agreement and other consideration set forth herein, Harr hereby IRREVOCABLY AND UNCONDITIONALLY RELEASES AND FOREVER DISCHARGES AND COVENANTS NOT TO SUE GBA and the other Releasees as to all complaints, claims, demands, liabilities, obligations, actions and causes of action of any kind or nature (including for attorneys' fees, interest, expenses, and costs actually incurred) that have accrued as of the date Harr executes this Agreement, whether known or unknown, suspected or unsuspected, including but not limited to any and all claims arising out of or relating to Harr's employment or the separation of his employment with GBA; provided, however, that Harr is not waiving his rights to any vested benefits. This release does not include any claims that cannot by law be released through this Agreement, but the parties intend that it be construed as broadly as lawfully possible.

4. Harr warrants and represents that he has not previously assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, causes of action, or rights of appeal disposed of by this Agreement.

5. Harr represents that he has not filed any lawsuit, claim, charge, or complaint against GBA or the other Releasees with any local, state, or federal agency, administrative body, or court from the beginning of time to the dates of execution of this Agreement, that he will not do so at any time hereafter based upon events occurring on or prior to the dates of execution of this Agreement, nor will he voluntarily participate in, aid, or assist any lawsuit, claim, charge, or complaint against GBA or any of the Releases.

6. Harr agrees that he will not make comments about GBA's management, policies, practices, services, or clients that potentially could jeopardize or have a negative impact on the economic interests or reputation of GBA or the Releasees.

7. Harr acknowledges his continuing responsibilities to GBA with respect to confidential and proprietary information and materials. Harr therefore agrees and covenants as follows:

(a) Harr has returned, or will return on or before the Effective Date of this Agreement, to GBA all originals and all copies (including all computer or other electronically-stored data) of all materials of any kind whatsoever constituting or containing any Confidential Information which are or were in Harr's possession or custody or under Harr's control during Harr's employment with GBA and up to and including the Effective Date. For purposes of this Agreement, the term "Confidential Information" means any and all of GBA's trade secrets, confidential and proprietary information and all other non-public information and data pertaining to GBA or its business, including but not limited to work product created by Harr in the course of his employment with GBA.

(b) Harr will not, without GBA's prior written consent, use or disclose to any person or entity any of the Confidential Information. Harr acknowledges and agrees that his confidentiality obligations under this Agreement are in addition to, and not in lieu of, any existing obligations under any confidentiality and/or nondisclosure agreements executed by Harr during his employment with GBA. Harr further acknowledges his obligations under the Uniform Trade Secrets Act not to misappropriate GBA's trade secrets and Confidential Information.

8. Harr agrees to keep completely confidential and, unless required by law or any lawful authority to do so, not to disclose any of the terms and conditions set forth in this Agreement to any person other than his attorney, accountant, or tax preparer. Harr acknowledges and agrees that any disclosure by his attorneys, accountants, or tax preparers of any of the terms and conditions of this Agreement in violation of the terms of this paragraph shall be deemed a violation by Harr of this paragraph. Releasees have relied upon the representation and agreement of Harr in this paragraph as an inducement to enter into this Agreement, and the provisions of this paragraph are a material part of this Agreement.

9. Harr affirms that he is not aware of any undisclosed or unresolved corporate compliance issues arising under any federal, state, or local law. Harr also affirms that he has not and will not alter, destroy, remove, or inappropriately limit access by GBA to any GBA records or documents.

**10. Harr acknowledges that GBA (a) provided him this Agreement via overnight mail on March 10, 2005; (b) advised him at that time to consult with an attorney prior to signing the Agreement; (c) at that time informed him that he could have twenty-one (21) days to accept this offer by signing this Agreement; and (d) advised him that this Agreement shall not be effective or enforceable against him or GBA if he revokes it by written notice to the GBA, Indianapolis, ATTN: Chris Daumeyer, for receipt not later than seven (7) days after he signs it. If not revoked, the Agreement will become binding and enforceable on the eighth day following Harr's signing the Agreement, that is, the Effective Date. Harr and GBA**

**agree that any changes to the terms of this Agreement, whether material or not, do not restart the running of the 21-day period described above.**

11. GBA and Harr acknowledge that during Harr's employment with GBA he had access to and acquired certain Confidential Information and trade secrets belonging to GBA and had extensive contact with certain of GBA's clients and other persons and entities with whom GBA has business relationships. Therefore, as an essential part of the consideration for and inducement to GBA to enter into this Agreement, Harr agrees to comply with the following restrictive covenants:

(a) For a period of twelve (12) months immediately after the Effective Date of this Agreement, Harr will not purchase, sell, lease, develop, attempt to purchase, sell, lease or develop, or in any manner assist any person or entity in the purchase, sale, lease or development of the Restricted Parcels. For purposes of this Agreement, the term "Restricted Parcels" means and includes the parcels of real estate described in the Schedule A attached to this Agreement. Harr acknowledges that during his employment with GBA, he (i) acquired Confidential Information relating to the Restricted Parcels and (ii) helped GBA to develop relationships and business transactions with the owners and/or interest holders of the Restricted Parcels.

(b) For a period of twelve (12) months immediately after the Effective Date of this Agreement, Harr will not: (i) interfere with GBA's relationship with any of the owners or other interest holders of the Restricted Parcels; (ii) induce or attempt to induce any of the owners or other interest holders of the Restricted Parcels to alter or terminate their relationship with GBA; or (iii) otherwise communicate with any of the owners or interest holders of the Restricted Parcels for the purpose of facilitating any real estate related transaction or real estate development service relating to the Restricted Parcels.

(c) For a period of twelve (12) months immediately after the Effective Date of this Agreement, Harr will not, within the Restricted Geographic Area, provide, sell, market or endeavor to provide, sell or market any Real Estate Development Services to or for the benefit of CVS Corporation or any of its affiliates. For purposes of this Agreement, the term "Restricted Geographic Area" means and includes the states of Connecticut, Maine, Massachusetts, New Hampshire, New York, Pennsylvania, and Rhode Island. For purposes of this Agreement, the term "Real Estate Development Services" means services that are similar to the real estate development services that GBA provided to or for the benefit of CVS Corporation (or its affiliates) relating to the development of CVS Pharmacy retail sites during Harr's employment with GBA. Harr acknowledges that the foregoing restrictive covenant prohibits him from providing the Real Estate Development Services to CVS Corporation or its affiliates in any capacity including without limitation as an independent contractor, employee, agent, broker, vendor, joint venturer or consultant.



Harr's Initials:____

(d) For a period of twelve (12) months immediately after the Effective Date of this Agreement, Harr will not purchase, sell, lease, develop, attempt to purchase, sell, lease or develop, or in any manner assist any person or entity in the purchase, sale, lease or development of any real estate located in the Restricted Geographic Area for the purpose of developing or establishing a CVS Pharmacy retail store.

(e) For a period of twelve (12) months immediately after the Effective Date of this Agreement, Harr will not solicit, recruit, hire, employ or attempt to hire or employ, or assist any person or entity in the recruitment or hiring of, any person who is an employee of GBA, or otherwise urge, induce or seek to induce any person to terminate his/her employment with GBA.

(f) For a period of twelve (12) months immediately after the Effective Date of this Agreement, Harr will not urge, induce or seek to induce any of GBA's customers, independent contractors, subcontractors, brokers, contractors, consultants, agents, vendors or suppliers to terminate their relationship with, or representation of, GBA or to cancel, withdraw, reduce, limit or in any manner modify any such person's or entity's business with or representation of GBA.

(g) Harr acknowledges and agrees that the restrictive covenants contained in this Section 12 prohibit him from engaging in certain activities directly or indirectly, whether on his own behalf or on behalf of any other person or entity, and regardless whether he is acting as an owner, employee, partner, advisor, broker, consultant or in any other capacity.

(h) The covenants and restrictions in Section 12 of this Agreement are separate and divisible, and to the extent any covenant, provision or portion of any covenant or provision is determined to be invalid or unenforceable for any reason, such invalidity or unenforceability will not affect the validity or enforceability of the remainder of the Agreement. Should any particular covenant, provision or portion of any covenant or provision be held invalid or unenforceable for any reason, including, without limitation, the time period, geographical area, and/or scope of activity covered by any restrictive covenant, provision or portion, such covenant, provision or portion shall automatically be deemed reformed such that the contested covenant, provision or portion will have the closest effect permitted by applicable law to the original form and shall be given effect and enforced as so reformed to whatever would be reasonable and enforceable under applicable law.

(i) In the event Harr violates any of the restrictive covenants contained in Section 12, the duration of such restrictive covenant shall automatically be extended by the length of time during which Harr was in violation of such covenant.

(j) Harr acknowledges and agrees that the restrictive covenants set forth in Section 12 of this Agreement are reasonable and necessary for the protection of GBA's trade secrets, Confidential Information and customer goodwill.

 Harr's Initials:____

Harr further acknowledges that the restrictive covenants set forth in Section 12 of this Agreement will not pose any substantial hardship on him.

12. Harr acknowledges that a breach by him of this Agreement will give rise to irreparable injury to GBA and that money damages will not be adequate relief for such injury. Accordingly, Harr agrees that GBA shall be entitled to obtain injunctive relief, including, but not limited to, temporary restraining orders, preliminary injunctions and/or permanent injunctions, without having to post any bond or other security, to restrain or prohibit any breach by Harr of this Agreement, in addition to any other legal or equitable remedies which may be available and are expressly reserved. GBA shall also be entitled to recover from Harr all litigation costs and attorneys' fees incurred by GBA in any legal action or proceeding relating to this Agreement in which GBA prevails, including but not limited to any legal action or proceeding in which GBA seeks enforcement of this Agreement or seeks relief from Harr's violation of this Agreement.

13. Harr agrees he will not seek employment with, assignment through a temporary service to, or work as a contractor for GBA or any of its affiliated, related, or successor entities. Harr agrees that GBA or its affiliated, related, or successor entities have the right under this Agreement not to hire him if he does seek employment with GBA or to refuse him assignment if he is assigned through a temporary service agency or contractor to work at GBA or any of its affiliated, related, or successor entities. Harr further agrees that if he becomes employed by GBA or any of its affiliated, related, or successor entities or assigned through a temporary service agency or contractor to work at GBA or any of its affiliated, related, or successor entities, then GBA or its affiliated, related, or successor entities have the right under this Agreement to terminate her employment or cancel her services through the temporary service agency or contractor, and Harr hereby releases GBA and the other Releasees from any and all liability and waives any and all claims that may arise from or relate to the rejection or termination of his employment or his assignment through a temporary service agency or contractor under this paragraph.

14. Neither this Agreement nor any action pursuant to this Agreement constitutes admission by GBA of any liability to Harr arising under any federal, state, or local law.

15. Harr and GBA agree that this Agreement shall be interpreted and enforced in accordance with the laws of the State of Indiana, notwithstanding any state's choice-of-law rules or conflict of law principles to the contrary. Harr and GBA further agree that any legal action or litigation relating to this Agreement shall be commenced and maintained exclusively before any appropriate state court of record in Marion County, Indiana or in the United States District Court for the Southern District of Indiana, Indianapolis Division, and the parties hereby submit to the jurisdiction and venue of such courts and waive any right to challenge or otherwise object to personal jurisdiction or venue in any action commenced or maintained in such courts.

16. The parties agree that if any provision of this Agreement or any construction or application of any provision of this Agreement is held to be unenforceable or invalid for any reason, then the validity and/or enforceability of all the remaining



Harr's Initials:____

provisions shall not be affected, and the validity of any remaining construction or application of the provisions shall not be affected, and the rights or obligations of each of the parties shall be construed and enforced as if the Agreement did not contain such invalid provision or, as the case may be, invalid construction or application of such provision; provided, however, that the economic and legal substance of this Agreement is not affected in any manner materially adverse to any party.

17. Harr acknowledges that he has had ample opportunity to consult with an attorney and to make suggestions or changes to the terms and language of this Agreement. Harr further acknowledges that he has read this Agreement, knows and understands its terms and contents, and is voluntarily entering into it. Therefore, the Agreement's terms shall be interpreted and construed according to their fair meaning and without any presumption or inference against or based upon the party causing this Agreement to be drafted.

18. This Agreement sets forth the entire agreement between the parties and fully supersedes any and all prior agreements or understandings, written or oral, between the parties pertaining to the subject matter of this Agreement.

19. The parties agree that if either institutes an action for breach of this Agreement, the prevailing party shall be entitled to the attorneys' fees and costs incurred in the prosecution or defense of the claim of breach.

20. No amendment or modification of this Agreement shall be effective unless and until agreed to in writing by both parties. To be effective, a waiver of any right under this Agreement must be in writing and signed by the waiving party.

This Confidential Resignation Agreement, Including Waiver And Release is executed as of the date(s) stated below.

GERSHMAN BROWN & ASSOCIATES, INC.

By: [signature]
Thomas M. Crowley

Date: 3/9/05

____________________
Donald J. Harr, III

Date: ____________________



Harr's Initials:____

# Schedule A
# Restricted Parcels

1. 246 Mill Street
   Leominster, MA

2. 540/546 Main Street
   Clinton, MA

3. Route 20/South Street
   Auburn, MA

X 4. Route 20/Main Street Junction SE corner
   Charlton, MA

5. 355 Pittsfield Road
   Lenox, MA

6. 490 Pittsfield road
   Lenox, MA

7. 185 Church Street
   Whitinsville, MA

8. 299 Lincoln Street
   Worcester, MA

9. Route 20/Main Street Junction
   Charlton, MA

10. Corner of North/Gilboa
    Douglas, MA

11. Corner of Main/North
    Douglas, MA

12. Opposite of Main/North
    Douglas, MA

13. J.F./Summer corner
    Fitchburg, MA

14. 1090 Main Street
    Holden, MA

15. Main Street Junction
    Leicester, MA

16. Main Street/Water
    Leicester, MA

17. Main Street/56 Junction
    Leicester, MA

18. Route 56/Stafford Intersection
    Leicester, MA

19. 55 Pittsfield Road
    Lenox, MA

20. S. R. Weiner Center
    Lenox, MA

21. 690 Main Street
    Leominster, MA

22. 568 Main Street
    Leominster, MA

23. 139 Southbridge Road
    Oxford, MA

24. Main Street Intersection/Summer Inn
    Shrewsbury, MA

25. Maple Avenue Corner
    Shrewsbury, MA

26. NE Corner Route 140/Main Street
    Shrewsbury, MA

27. South Street/Route 20
    Shrewsbury, MA

28. Route 20/Lake Street
    Shrewsbury, MA

29. 62 West Main Street
Spencer, MA

30. NW Corner Rout 9/Route 31
Spencer, MA

31. Main Street – American Legion/Funeral Home Corner
Spencer, MA

32. 110 Leominster Road
Sterling, MA

33. Route 20/Truck Stop
Sturbridge, MA

34. Route 131
Sturbridge, MA

35. Route 146/Boston Road
Sutton, MA

36. Route 146/Pleasant Valley
Sutton, MA

37. 104 West Street
Ware, MA

38. Post Office Site
Ware, MA

39. East Main/Lyman
Westborough, MA

40. 185 Church Street
Whitinsville, MA

41. Goldstar Blvd. W. Boylston
Worcester, MA

42. Goldstar/Existing CVS
Worcester, MA

43. Goldstar/Disbributor Road
Worchester, MA

44. Route 20/Sunderland
Worcester, MA

45. Grafton/Sunderland
Worcester, MA

46. 366 Shrewsbury Street
Worcester, MA

47. SE Corner of Shrewsbury & Casco Streets
Worcester, MA

48. Park Ave./Mill Street
Worcester, MA

49. Park Avenue/Chandler Street
Worcester, MA

50. Route 146/Ballard Street
Worcester, MA

51. Route 9 – Spag's/Building 19
Worcester, MA

52. 165 University Drive
Amherst, MA

53. 187 Exchange Street
Chicopee, MA

54. 137 Federal Street
Greenfield, MA

55. Route 7 & 20
Lenox, MA

56. 720 Bliss Road
Longmeadow, MA

57. 410 Longmeadow Street
Longmeadow, MA

58. Veterans Memorial Drive, Big Y SC
North Adams, MA

59. 615-621 Belmont Avenue
    Springfield, MA

60. 239B Memorial Avenue, Century Plaza
    West Springfield, MA

61. 427 East Main Street, Westfield Shops
    Westfield, MA

62. 47 Franklin Street
    Westfield, MA

63. 163 Silver Street
    Agawam, MA

64. 76 North Pleasant Street
    Amherst, MA

65. 151 North Main Street
    Belchertown, MA

66. 1616 Memorial Drive
    Chicopee, MA

67. 1176 Granby Road
    Chicopee, MA

68. 217 North Main Street
    East Longmeadow, MA

69. 118 Northampton Street
    Easthampton, MA

70. 50 Holyoke Street
    Holyoke, MA

71. Route 8, Berkshire Mall
    Lanesboro, MA

72. 451 Center Street
    Ludlow, MA

73. 366 King Street
    Northampton, MA

74. 90 Main Street
Northampton, MA

75. 1001 Thorndyke Street
Palmer, MA

76. 107 West Street
Pittsfield, MA

77. 970 Saint James Avenue
Springfield, MA

78. 1655 Boston Road, Eastfield Mall
Springfield, MA

79. 1500 Main Street
Springfield, MA

80. 780 Boston Road
Springfield, MA

81: 1990 Boston Road
Wilbraham, MA

82. NEC 57 &10/202
Southwick, MA

83. NEC 187/57
Agawarm, MA

84. Westfield & Homestead
Holyoke, MA

85. South Street Plaza
Holyoke, MA

86. 124 West Street
Ware, MA

87. 60 Pennyslvania Avenue
Niantic, CT

88. Zips Diner
Killingly, CT

89. 1030 South Main Street
Cheshire, CT

90. 143 Main Street
Terryville, CT

91. Route 187 & Route 20
East Granby, CT

92. 66 & 183
East Haddam, CT

93. Silver Lane and Forbes Road
East Hartford, CT

94. Route 83 & Butcher Road
Ellington, CT

95. NEC of Woodland & Homestead
Hartford, CT

96. Route 66 & Wall Street
North Stonington, CT

97. 90 Hills Road
Old Lyme, CT

98. SWC of Church & 171
Putman, CT

99. West side of 190/32 intersection
Stafford Springs, CT

100. 59 North Main Street
Bristol, CT

101. SEC Poquonock Road & Route 1
Groton, CT

102. 682 Wethersfield Ave
Hartford, CT

103. 247 Washington Street
Hartford, CT

104. NEC Park Avenue & Washington Street
Hartford, CT

105. NEC of Plaza Drive & Route 66
Middletown, CT

106. 560 Providence Road
Brooklyn Commons, CT

107. NEC & NWC of 150 & Route 5
Wallingford, CT

108. NEC 57 & 10/202
Southwick, MA

109. 24-36 Pershing Drive
Ansonia, CT

110. 358 West Main Street
Avon, CT

111. 308 Berlin Turnpike
Berlin, CT

112. 341 Cottage Grove Road
Bloomfield, CT

113. 799-824 Park Avenue
Bloomfield, CT

114. 2-6 Short Beach Road
Branford, CT

115. 839 Framington Avenue
Bristol, CT

116. 581 Highland Avenue
Cheshire, CT

117. 219 Broad Street
Windsor, CT

118. 90 Main Street
Windsor Locks, CT

119. 47 Main Street
Winstead, CT

120. Route 66
Middletown, CT

121. 258 Boston Post Road
Milford, CT

122. NWC of Routes 154 & 80
Deep River, CT

123. 73 Waterbury Road
Prospect, CT

124. 143 Merrow Road
Tolland, CT

125. NEC Route 202 & Torringford Street
Torrington, CT

126. 1279 West Main Street
Waterbury, CT

127. 519 Campbell Ave.
West Haven, CT

128. 175 Albany Turnpike
Canton, CT

129. 163 E. Main Street
Clinton, CT

130. Route 372 & Hammerhead Place
Cromwell, CT

131. NWC 147 & 17
Durham, CT

132. NWC of North Main Street & Route 68
Marlborough, CT

133. SWC Scitico & Hazard
Enfield, CT

134. 188 Main Street
Farmington, CT

135. 566 Farmington Avenue
Hartford, CT

136. 190 Farmington Avenue
Hartford, CT

137. 150 North Main Street
Manchester, CT

138. NEC 82/85
Salem, CT

139. 656 New Haven Avenue
Derby, CT

140. 1057 Boston Post Road
Guilford, CT

141. 2045 Dixwell Avenue
Hamden, CT

142. 308 Main Street
Middletown, CT

143. 115 Bridge Street
Naugatuck, CT

144. 313 West Main Street
Norwich, CT

145. 22 Windsor Avenue
Rockville, CT

146. 277 Bank Street
Seymour, CT

147. 22 Depot Hill Road
Southbury, CT

148. 724 Queen Street
Southington, CT

149. 152 Mountain Road
Suffield, CT

150. 45 South Main Street
Unionville, CT

151. 1650 Watertown Avenue
Waterbury, CT

152. 1099 New Britain Avenue
West Hartford, CT

153. 119 South Main Street
Colchester, CT

154. 3514 Main Street
Coventry, CT

155. 656 New Haven Avenue
Derby, CT

156. 20 Burnside Avenue
East Hartford, CT

157. 16 Main Street
East Hartford, CT

158. 660 Foxon Road
East Hartford, CT

159. 369 Main Street
East Hartford, CT

160. 875 Enfield Street
Enfield, CT

161. 47 Hazard Avenue
Enfield, CT

162. 90 Elm Street
Enfield, CT

163. 2639 Main Street
Glastonbury, CT

164. 331 New London Turnpike
Glastonbury, CT

165. 20 Bank Street
Granby, CT

166. 757 Long Hill Road
Groton, CT

167. 750 Main Street
Hartford, CT

168. 479 Blue Hills Avenue
Hartford, CT

169. 1055 Farmington Avenue
Kensington, CT

170. 266 West Street
Litchfield, CT

171. 613 Boston Post Road
Madison, CT

172. 194 Buckland Hills Drive
Manchester, CT

173. 632 Middle Turnpike
Mansfield, CT

174. 839 East Main Street
Meriden, CT

175. 540 East Main Street
Meriden, CT

176. 679 East Main Street
Meriden, CT

177. 877 Washington Street
Middletown, CT

178. 25 Broadway
Mystic, CT

179. 155 Bridge Street
Naugatuck, CT

180. 177 Columbus Boulevard
New Britain, CT

181. 713 West Main Street
New Britain, CT

182. 1168 Whalley Avenue
New Haven, CT

183. 215 Whalley Avenue
New Haven, CT

184. 817 Bank Street
New London, CT

185. 41 Main Street
New Milford, CT

186. 1181 Main Street
Newington, CT

187. 162 Washington Avenue
North Haven, CT

188. 154 Main Street
Old Saybrook, CT

189. 279 Boston Post Road
Orange, CT

190. 10 Lathrop Road
Plainfield, CT

191. 14 Farmington Avenue
Plainville, CT

192. 2427 Main Street
Rocky Hill, CT

193. 323 Cromwell Avenue
Rocky Hill, CT

194. 714 Hopmeadow Street
Simsbury, CT

195. 525 Buckland Road
South Windsor, CT

196. 326 Main Street
Southington, CT

197. 1 Hawley Lane
Stratford, CT

198. 1425 Barnum Avenue
Stratford, CT

199. 661 Main Street
Torrington, CT

200. 142 Talcottville Road
Vernon, CT

201. 24 Bank Street
Waterbury, CT

202. 464 Reidville Dirve
Waterbury, CT

203. 526 Meriden Road
Waterbury, CT

204. 2000 North Main Street
Waterbury, CT

205. 850 Hartford Turnpike
Waterford, CT

206. 978 Farmington Avenue
West Hartford, CT

207. 1044 Boulevard
West Hartford, CT

208. 1240 Farmington Avenue
West Hartford, CT

209. 150 South Main St.
West Hartford, CT

210. 844 Jones Hill Road
West Haven, CT

211. 252 Orange Avenue
West Haven, CT

212. 1067 Silas Deane Highway
Wethersfield, CT

213. 95 Storrs road
Willimantic, CT

214. 1200 Main Street
Willimantic, CT

215. 484 Windsor Avenue
Windsor, CT

216. Intersection Washington, Cherry & Main
Plymouth, PA

217. Main & Carolina
Plymouth, PA

218. Carey Avenue & West End Road
Hanover Township, PA

219. Oak & Main
Old Forge, PA

220. Main & 8th Avenue
Carbondale, PA

221. Main & Carey Avenue
Jenkins, PA

GERSHMAN
BROWN
ASSOCIATES, INC.

**Confidential Correspondence**
**Sent Overnight Mail**
**Deliver Without Receipt**

March 9, 2005

Mr. Don Harr
276 Jefferson Drive
Pittsburgh, PA 15228

Re: <u>**Confidential Resignation Agreement, Including Release And Waiver**</u>

Dear Don:

Enclosed are two copies of a Confidential Resignation Agreement, Including Release And Waiver, that I have executed. I specifically direct your attention to Paragraph 10.

<u>The economic terms of the Agreement are not negotiable</u>, but if you or your attorney has any questions about any of the other terms or conditions of the Agreement, please contact our employment counsel, Mitzi Martin of Baker & Daniels at (317) 237-1323.

Also, as we discussed, please return <u>all</u> GBA's property by UPS. We have enclosed an instruction sheet for mailing.

If the Agreement is acceptable, please execute and initial each page of one of the copies and return it to me in the enclosed, postage prepaid envelope. You may retain the other for your file.

Sincerely,

Thomas M. Crowley

Enclosures



EXHIBIT
"B"

KEY

| |
|---|
| A REC Approved |
| B SCRUB Approved |
| C SCRUB Scheduled 4/05 |

2005

| Stores | | Gross Fees | | | | |
|---|---|---|---|---|---|---|
| Groton, CT | $ | 200,000 | A | | | |
| Niantic, CT | | 200,000 | A | | | |
| Worcester, MA (#127) | | 200,000 | A | | | |
| Bristol, CT | | 200,000 | A | | | |
| | $ | 800,000 | | 20% | $ | 160,000 |
| **Total Expenses** | | | | | | |
| Salary | $ | 126,938 | | | | |
| Monthly Overhead | | 37,241 | | | | |
| Total Expenses | $ | 164,180 | | | $ | (164,180) |

| 2006 Stores | | Gross Fees | | | | |
|---|---|---|---|---|---|---|
| Schenectady, NY | $ | 200,000 | A | | | |
| Poughkeepsie, NY | | 150,000 | A | | | |
| Wappingers Falls | | 200,000 | B | | | |
| Ware | | 200,000 | B | | | |
| Lenox | | 200,000 | C | | | |
| Killingly | | 75,000 | B | | | |
| Leominster | | 200,000 | B | | | |
| Charlton | | 200,000 | C | | | |
| Worcester (1273) | | 200,000 | C | | | |
| Whitinsville | | 200,000 | C | | | |
| Auburn, MA | | 200,000 | C | | | |
| Clinton, MA | | 200,000 | B | | | |
| | | 2,225,000 | | | | |
| Present Value @ One Year | | 2,099,057 | | 20% | $ | 419,811 |

| Add'l Pipeline | | Gross Fees | | | |
|---|---|---|---|---|---|
| Hartford, CT | $ | 200,000 | | | |
| Carbondale, PA | | 200,000 | | | |
| Wilkes-Barre, PA | | 200,000 | | | |
| Mountain Top, PA | | 200,000 | | | |
| Tolland, CT | | 200,000 | | | |
| Cheshire, CT | | 200,000 | | | |
| Naugatuck | | 200,000 | | | |
| Springfield, MA | | 200,000 | | | |
| Lunenburg | | 200,000 | | | |
| | $ | 1,800,000 | | | |
| Present Value @ One Year | | 1,698,113 | 20% | $ | 339,623 |

| | | |
|---|---|---|
| Total Bonus $ | $ | 919,434 |
| Less Actual Expenses generated | $ | (164,180) |
| **Total Bonus $ Expected** | $ | 755,254 |
| Unreimbursed Expenses | | 1,826 |
| 7 Days Earned but Unpaid Vacation | | 4,711 |
| | $ | 761,792 |

EXHIBIT

"C"

**VERIFICATION**

I hereby verify that the statements contained in the Complaint in Civil Action are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Pa. C.S. §4904, relating to unsworn falsification to authorities.

Date: 5/31/05

Donald J. Harr, III

DLA PIPER RUDNICK GRAY CARY

DLA Piper Rudnick Gray Cary US LLP
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103-7300
T 215.656.3300
F 215.656.3301
W www.dlapiper.com

MICHAEL J. O'NEILL
michael.oneill@dlapiper.com
*direct* 215.656.3365 *fax* 215.656.3301

June 23, 2005

**VIA OVERNIGHT DELIVERY**

United States District Court
Western District of Pennsylvania
Pittsburgh Division
U.S. Post Office & Courthouse
Seventh Avenue & Grant St.
Pittsburgh, PA 15219

Re: **Harr v. Gerhsman Brown & Associates, Inc., Thomas Crowley, Brad Gershman, Jerry Gershman and Adrian Brown**

Dear Sir/Madam:

I enclose the original and one copy of defendant's notice of removal. Please file the original of record and return a time-stamped copy to me in the enclosed self addressed stamped envelope. I have enclosed a check in the amount of $250.00 for payment of same.

If you have any questions, please do not hesitate to contact me. Thank you for your cooperation in this matter.

Sincerely,

Michael J. O'Neill

MJO/tml
Enclosures
Andrew J. Leger, Jr., Esquire (w/enclosure)

DLA PIPER RUDNICK GRAY CARY

DLA Piper Rudnick Gray Cary US LLP
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103-7300
T 215.656.3300
F 215.656.3301
W www.dlapiper.com

MICHAEL J. O'NEILL
michael.oneill@dlapiper.com
*direct* 215.656.3365 *fax* 215.656.3301

June 27, 2005

**VIA OVERNIGHT DELIVERY**

United States District Court
Western District of Pennsylvania
Pittsburgh Division
U.S. Post Office & Courthouse
Seventh Avenue & Grant St.
Pittsburgh, PA 15219

Re: **Harr v. Gerhsman Brown & Associates, Inc., Thomas Crowley, Brad Gershman, Jerry Gershman and Adrian Brown**

Dear Sir/Madam:

Enclosed please find an original and one copy of the Civil Cover Sheet which was inadvertently not attached to defendant's notice of removal which was mailed to you on June 23, 2005. Kindly attached same to Defendant's notice of removal and file the original with the Court and forward a time-stamped copy to me in the enclosed UPS overnight envelope.

If you have any questions, please do not hesitate to contact me. Thank you for your cooperation in this matter.

Sincerely,

Michael J. O'Neill

MJO/tml
Enclosures